Gall v. Beckett.

PETITIONER DISCHARGED.

Note—See Criminal Law, 16 C. J. 264 n. 42, 265 n. 48, 271 n. 5, 6—Habeas Corpus, 12 R. C. L. 1192, 6 R. C. L. Supp. 742; 29 C. J. 46 n. 66, 53 n. 28—Homicide 29 C. J. 1068 n. 6, 7, 8, 9, 10, 1069 n. 11, 12, 1073 n. 59.

---

EMIL GALL, APPELLEE, V. JOHN R. BECKETT, ET AL.,
APPELLANTS.

FILED MARCH 25, 1927.   No. 24338.

1. **Municipal Corporations:** STREET IMPROVEMENTS: PETITION. Under the charter of South Omaha in 1909, a petition for both the creating of an improvement district and the paving of a street therein was sufficient to confer on the city authority to proceed with and complete the paving, without any petition therefor after the creating of the improvement district.

2. ———: ———: ASSESSMENTS. Under the charter of South Omaha in 1909, the city had authority to create a paving district more extensive than the boundary of the lots on the street to be paved, to order the paving on a petition representing a majority of the foot-frontage on such street, and to make assessments for benefits against all lots in the improvement district, if benefited.

3. **Dicta** contrary to the above rules in *McCaffrey v. City of Omaha,* 91 Neb. 184, disapproved.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Reversed and dismissed.*

*John F. Moriarty* and *S. L. Winters*, for appellants.

*A. H. Murdock, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

This is a suit in equity to set aside as void two city ordinances passed by South Omaha for the purposes of creating an improvement district and of paving A street from the west line of Twenty-third street to the east line of Twenty-sixth street, to cancel benefit assessments levied on lots 1 and 2, block 11, abutting on A street in the improvement district, and to annul lot-sale certificates issued by the county treasurer of Douglas county for nonpayment of the assessments. The municipal proceedings assailed were commenced in 1909 and were effective for the purposes of completing the paving and of benefiting the lots. Lot 1 was assessed for benefits of $209.18 and lot 2 for benefits of $96.08. Plaintiff claims to be the owner of the lots and prays for equitable relief, removing the cloud which South Omaha, not then, but now, a part of Omaha, cast on his title. John R. Beckett, defendant, bought the lots at the county treasurer's sale and sold the certificate of sale to defendant Joseph F. Murphy.

The suit was defended on the theory that the proceedings of South Omaha conformed to powers conferred by its charter.

Upon a trial of issues raised by the pleadings the district court entered a decree wiping out the proceedings of South Omaha in so far as they affected plaintiff's lots, set aside the sale by the treasurer, canceled the certificates of sale and quieted in plaintiff his clouded title. Defendants appealed.

The controlling questions presented depend on the mean-

Gall v. Beckett.

ing of the South Omaha charter, properly construed, and the grants of power to the city, with special reference to the provisions relating to paving as they existed at the time in question. Laws 1909, ch. 17, sec. 128.

It is contended by plaintiff that the city did not comply with the charter and acted without jurisdiction. If he is understood, his propositions are that the ordinances and the proceedings under them were void because there was no petition for the improvement subsequent to the creation of the paving district, and that the petition on which the city acted did not represent the requisite ownership of lot frontage essential to jurisdiction. The challenge extends to an assertion that the street frontage in that part of the paving district not abutting on A street is entitled to representation on any valid petition, whereas the petitioners for the paving were owners of lots abutting on A street only.

Upon a consideration of the South Omaha charter from every standpoint, the supreme court is unanimous in the opinion that one petition for both the creating of the improvement district and the paving of A street, though preceding the ordinance creating the improvement district itself, is a sufficient compliance with the law in those respects, and that the South Omaha charter contains a valid exercise of legislative power, conferring upon that city authority to create a paving district more extensive than the boundary of the lots on A street and to order the paving on a petition representing a majority of the foot frontage on the A street lots. In this view of the charter, the proceedings assailed by plaintiff were regular and valid.

Dicta to the contrary in the consideration of, similar provisions of the Omaha charter in *McCaffrey v. City of Omaha*, 91 Neb. 184, are disapproved. The judgment of the district court and the former order of the supreme court affirming it are therefore vacated and the action dismissed at the costs of plaintiff in both courts.

REVERSED AND DISMISSED.